UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-23191-WPD

LOUIS A. HERRERA,

    Plaintiff,

v.

CITY OF HIALEAH, FLORIDA,

    Defendant.

                                      /

DEFENDANT CITY OF HIALEAH'S MOTION TO DISMISS
COUNT III OF COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

Defendant, CITY OF HIALEAH, FLORIDA ("City"), through its counsel, BRYANT MILLER OLIVE, P.A., pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), hereby files this Motion To Dismiss Count III Of Complaint With Incorporated Memorandum Of Law and further states in support thereof as follows:

MOTION TO DISMISS COUNT III OF COMPLAINT

    1.    Plaintiff served his three-count Complaint [D.E. 1] on the City on August 7, 2020. This Partial Motion To Dismiss is timely. (The City is concurrently filing a Partial Answer responding to Counts I and II of the Complaint.)

    2.    Count III of the Complaint purports to be brought pursuant to Florida Statutes Section 295.08, which provides for preference to be given to veterans seeking promotion as employees of the state or one of its political subdivisions. It also purports to be brought pursuant to Florida Statutes Section 295.14(2), titled "Penalties." Fla. Stat. §§ 295.08, 295.14.

3. Section 295.08 is subject to a comprehensive remedial scheme of enforcement that vests exclusive jurisdiction over claims made under the section in the Florida Public Employees Relations Commission ("PERC"). Fla. Stat. §§ 295.11; 295.11(4).

4. Plaintiff has failed to exhaust his administrative remedies and this Court lacks subject matter jurisdiction. Therefore, Count III should be dismissed.

5. Because there is no set of facts that can be alleged that could cure this Court's lack of subject matter jurisdiction and because Plaintiff's time for pursuing his administrative remedies as to the adverse actions he alleges in the Complaint has long since expired, Count III should be dismissed with prejudice.

6. Further, any claim under Chapter 295 is barred by sovereign immunity. There is no express waiver of sovereign immunity for a private cause of action under Chapter 295, so any such claim would have to be implied. A waiver of sovereign immunity cannot be implied. Further, even if sovereign immunity were waived, Plaintiff has not complied with the notice requirements of Florida's limited waiver of sovereign immunity statute.

7. Additionally, Count III incorporates by reference paragraphs 1 through 42 of the Complaint. Paragraphs 40 through 42 of the Complaint constitute Count I of the Complaint, which purports to state a claim under the United States Uniformed Services Employment and Reemployment Act ("USERRA").

8. By including multiple claims for relief in a single count, Count III constitutes an impermissible "shotgun" pleading and is properly dismissed on this ground alone, even if it were not dismissible with prejudice for lack of subject matter jurisdiction.

WHEREFORE, the City requests that Count III be dismissed with prejudice.

<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>

POINT I

ENFORCEMENT OF RIGHTS UNDER SECTION 295.08 IS VESTED EXCLUSIVELY IN PERC, WITH JUDICIAL REVIEW IN THE STATE APPELLATE COURTS; THIS COURT LACKS SUBJECT MATTER JURISDICTION; FURTHER, PLAINTIFF FAILS TO ALLEGE HE HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

Plaintiff is bringing his claim for relief in Count III initially in this Court. This is clear from the face of the Complaint because Florida law provides that sole judicial involvement in a claim under Section 295.08 comes in the state appellate courts after administrative proceedings before PERC. Moreover, there is no allegation in the Complaint concerning exhaustion of administrative remedies or satisfaction or waiver of conditions precedent.

A.  PERC Has Exclusive Jurisdiction Over Claims Under Florida Statutes 295.08.

Florida Statutes Section 295.11 states: "Jurisdiction to effectuate the purposes of ss. 295.07-295.09 shall vest with the Public Employees Relations Commission for appropriate administrative determination." Fla. Stat. § 295.11(4). Section 295.11 sets forth a comprehensive remedial scheme of enforcement of veterans preference claims that includes the PERC process. In summary, an aggrieved party must file a complaint with the Florida Department of Veterans Affairs within 60 days of the date the complainant receives notice of the alleged failure to provide preference. Fla. Admin. C. § 55A-7.016(4). The Department must investigate, reach a determination, and provide its determination to the complainant and employer. Fla. Stat. § 295.11(1), (2). If the complainant is not satisfied, he may file a petition with PERC within 45 days of a triggering event as defined by regulation. Fla. Admin. C. § 55A-7.016(11), (12). PERC then may conduct its de novo determination of the sufficiency of the petition and, if appropriate, a de novo evidentiary hearing pursuant to the comprehensive enforcement scheme set forth in the Public Employees Relations Act. Fla. Admin. C. § 55A-7.016(13); Fla. Stat. §§ 447.201-447.609.

The evidentiary hearing is held before an administrative law judge, whose recommendation is reviewable by the Commission. Fla. Stat. § 447.503. PERC's order is final agency action under the Florida Administrative Procedures Act, reviewable in Florida's first-level appellate courts. Fla. Admin. C. § 55A-7.016(14); Fla. Stat. § 447.504.

This same enforcement scheme, minus the involvement of the Department of Veterans Affairs, applies to unfair labor practices prohibited in the Florida Public Employees Relations Act, Florida Statutes Chapter 447, Part II ("PERA"). Fla. Stat. §§ 447.201-447.609. It is settled law that PERC has exclusive jurisdiction over the matters under its purview. *See generally, Local Union No. 2315, International Association of Firefighters v. City of Ocala,* 371 So. 2d 583 (Fla. 1st DCA 1979) (PERC has preemptive jurisdictions over labor disputes); *see also Maxwell v. School Board of Broward County,* 330 So. 2d 177 (Fla. 4th DCA 1976); *Public Employees Relations Commission v. Fraternal Order of Police,* 327 So. 2d 43 (Fla. 2d DCA 1976) (PERC has exclusive jurisdiction over unfair labor practice disputes).

In *Maxwell,* the court extensively reviewed the comprehensive remedial scheme of PERA and found that the Legislature intended PERC to have "preemptive jurisdiction over such matters." *Maxwell,* 330 So. 2d at 179. The court compared PERC's preemptive jurisdiction to that of the National Labor Relations Board under the National Labor Relations Act, after which PERA is patterned. *Id.* Courts have found claims to be within PERC's exclusive jurisdiction in a number of disparate circumstances. *See, e.g., Transport Workers of America v. Cunningham,* No. 3D20-216, 2020 WL 2176476 (Fla. 3d DCA May 6, 2020) (granting writ of prohibition finding claim of tortious interference to be within PERC's preemptive jurisdiction); *City of Hollywood v. Perrin,* 292 So. 3d 808 (Fla. 4th DCA 2020) (reversing order compelling arbitration because purported contractual grievance fell within PERC's preemptive jurisdiction); *Miami Ass'n of Fire Fighters*

*v. City of Miami,* 87 So. 3d 93 (Fla. 3d DCA 2012) (affirming dismissal of lawsuit for declaratory judgment and injunction because dispute was within PERC's preemptive jurisdiction); *see also Communications Workers of America v. City of Gainesville,* 697 So. 2d 167 (Fla. 1st DCA 1997) (holding that PERC had exclusive jurisdiction over labor dispute even though deciding it would require interpreting or applying non-labor law or constitutional principles).

By analogy, a federal court considering whether suit under 42 U.S.C. Section 1983 on similar grounds consider whether congressional intended to preempt "by creating a comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983." *Blessing v. Firestone,* 520 U.S. 329, 341 (1997). This concept was elaborated in *Middlesex County Sewerage Authority v. National Sea Clammers Ass'n*, 453 U.S. 1, 21 (1981) (internal citation omitted). The Court in that case stated:

> When the remedial devices provided in a particular Act are sufficiently comprehensive, they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983 .... "[W]hen a state official is alleged to have violated a federal statute which provides its own comprehensive enforcement scheme, the requirements of that enforcement procedure may not be bypassed by bringing suit directly under § 1983."

This sort of analysis has been used to find that, for example, the Age Discrimination in Employment Act's remedial scheme (which includes administrative prerequisites) is comprehensive enough to imply congressional intent to preempt enforcement under Section 1983. *See LaFleur v. Texas Dep't of Health*, 126 F.3d 758, 760 (5th Cir. 1997); *Migneault v. Peck*, 158 F.3d 1131, 1140 (10th Cir. 1998); *Zombro v. Baltimore City Police Department*, 868 F.2d 1364 (4th Cir. 1989).

In the case before this Court, the Florida court decisions cited above have applied this same examination of the comprehensiveness of the remedy under PERA to conclude that it has

occupied the field of public labor relations enforcement in Florida and that the courts have no initial jurisdiction over such disputes. No case has considered whether PERC's jurisdiction over veterans preference cases is likewise exclusive. However, the argument in favor of preemption because of the comprehensive remedial scheme is not only just as strong for veterans claims as for unfair labor practice claims, there is the added matter of this statutory grant of jurisdiction: "Jurisdiction to effectuate the purposes of ss. 295.07-295.09 shall vest with the Public Employees Relations Commission for appropriate administrative determination." Fla. Stat. § 295.11(4).

Further, in the case of veterans preference cases, the remedial scheme is even more comprehensive even than it is for cases brought directly under PERA, since it has the added requirements of an initial complaint, investigation, and attempted remediation with the employer found in Section 295.11.

Put another way, Plaintiff has failed to exhaust his administrative remedies. A party seeking review of administrative action must first exhaust available administrative remedies before seeking court review. Failure to do so deprives the court of subject matter jurisdiction. *Dist. Bd. of Trustees of Broward Community Coll. v. Caldwell*, 959 So. 2d 767, 769-70 (Fla. 4th DCA 2007). In that case, the plaintiff was discharged by the College. She initially pursued, then abandoned the administrative appeal process. She filed suit in the circuit court, alleging breach of her employment contract. The appeals court held that her failure to exhaust her administrative remedy deprived the court of jurisdiction. *Id*. at 767-70.

Plaintiff in this case had available to him the administrative remedy of filing a complaint with the Department of Veterans Affairs, followed by proceedings before PERC, then review in the Florida District Court of Appeal. He did not avail himself of these administrative remedies and, therefore, cannot proceed in this Court.

For these reasons, the Court should find that Plaintiff's claim under Chapter 295 in Count III is subject to the preemptive jurisdiction of PERC or, alternatively, that Plaintiff failed to exhaust administrative remedies, and should dismiss Count III with prejudice for lack of subject matter jurisdiction.

B. <u>The Language In Section 295.14 Is A Remnant Of An Obsolete Means Of Enforcement That Was Inadvertently Left Behind During Years Of Evolution Of Chapter 295; It Does Not Authorize A Private Cause Of Action</u>.

Section 295.14 states, in its entirety:

> **295.14  Penalties.**—
> (1)  When the Public Employees Relations Commission, after a hearing on notice conducted according to rules adopted by the commission, determines that a violation of s. 295.07, s. 295.08, s. 295.085, or s. 295.09(1)(a) or (b) has occurred and sustains the veteran seeking redress, the commission shall order the offending agency, employee, or officer of the state to comply with the provisions of s. 295.07, s. 295.08, s. 295.085, or s. 295.09(1)(a) or (b); and, in the event of a violation of s. 295.07, s. 295.08, s. 295.085, or s. 295.09(1)(a) or (b), the commission may issue an order to compensate the veteran for the loss of any wages and reasonable attorney's fees for actual hours worked, and costs of all work, including litigation, incurred as a result of such violation, which order shall be conclusive on the agency, employee, or officer concerned. The attorney's fees and costs may not exceed $10,000. The action of the commission shall be in writing and shall be served on the parties concerned by certified mail with return receipt requested.
> (2)  When reparation is sought through civil action in a court of competent jurisdiction, any agency, employee, or officer of the state or a political subdivision thereof found in violation of any provision of this act shall, in addition to any other edict issued by the court, be required to pay the costs of suit and reasonable attorney's fees incurred in such action and shall be required to pay as damages such amount as the court may award, any law to the contrary notwithstanding.
> (3)  Any employee or officer found liable pursuant to a second or subsequent violation of the provisions of this section shall forfeit his or her position.

It is immediately obvious that the section deals with remedies and does not, of itself, authorize a private cause of action. Subsection 2 is a fee-shifting provision.

Moreover, it appears that Subsection 2 is a remnant or vestige of an earlier and now deleted enforcement mechanism. There are four occurrences of the word "court" in the whole of Chapter 295; three of them are in Subsection 2, quoted above, and one is in Section 295.186 and occurs as "court appointed guardian" in an unrelated context. The phrase "civil action" appears only in Subsection 2, above. There appears to be no other reference related in any way to a lawsuit in court. This was not always the case.

Sections 295.11 and 295.14 have been amended numerous times over the decades. In 1977, Section 295.11 stated, "If the division [of Veterans Affairs] finds the equities to be with the complainant, it shall have the power to seek relief through the Career Service Commission or through the courts." Ch. 77-422, § 3, Laws of Fla. Section 295.14 had no mention of attorney's fees. This scheme remained in place until 1986, when Section 295.11 was rewritten extensively. It then included this new statement: "Nothing in this section, however, shall be construed as prohibiting a veteran aggrieved by a violation of this act from bringing a civil action in any court of competent jurisdiction ... or, in those cases pertaining to s. 295.09, from seeking relief through the Public Employees Relations Commission ... ." Ch. 86-163, § 79, Laws of Fla. Here is an express private cause of action. Section 295.14 was also rewritten at this time exactly as it currently reads. Ch. 86-163, § 80, Laws of Fla.

(It should be noted that, though the Complaint claims to bring Count III under Section 295.08, Section 295.09 addresses preference in promotions, with reference to Section 295.08. Thus, harking back to the argument in Point I.A., above, jurisdiction over promotional claims was

given to PERC at the same time as a private cause of action was created in 1986 – further strengthening the argument that PERC has exclusive jurisdiction.)

The next year, Section 295.11 was again rewritten and divided into subsections 1-4. Subsection 4 stated: "(4) Jurisdiction to effectuate the purposes of ss. 295.07-295.09 shall vest with the Public Employees Relations Commission for appropriate administrative determination." Ch. 87-356, § 8, Laws of Fla. Section 295.11 retained a role for the Division of Veterans Affairs, but instead of merely "us[ing] all of its powers on behalf of the complainant," as in the immediately previous version, it now had the beginnings of the scheme whereby the Division would investigate and then enforcement was given to PERC. *Compare* Ch. 86-163, § 79, Laws of Fla. *with* Ch. 87-356, § 8, Laws of Fla.

Most importantly, the language creating a private cause of action was eliminated.

The pertinent statutory language for purposes of this analysis remained the same in substance thereafter. To sum up, it appears that enforcement was originally through a possible civil action or administrative action via a veterans division and by criminal prosecution; then, for a single year, by private cause of action by the complainant or agency action (which is when the language in the current 295.14(2) was added); then solely by administrative action under PERC (with the express private cause of action deleted). The bottom line is that there was once a private cause of action to enforce veterans preference, with the mechanism creating the cause in Section 295.11 and an attorney's fees provision in Section 295.14. The mechanism – and the cause of action – was deleted, but the attorney's fees provision was forgotten and left behind, a vestige without effect.

A very analogous case is found in *De La Campa v. Grifols, 819 So. 2d 940 (Fla. 3d DCA 2002).* In that case, the plaintiff sued in Florida Circuit Court under Chapter 11A of the Miami-

Dade County Code. *Id.* at 941. She alleged employment discrimination based on sexual orientation. She had followed an administrative enforcement scheme under the Code and had been issued a notice of right to sue by the Miami-Dade County Equal Opportunity Board. *Id.* The court observed that, in its then-current form, Chapter 11A was divided into parts dealing with housing, public accommodations, employment, and other matters, each division containing its own enforcement scheme – except employment. *Id.* at 942. In reviewing the history of amendments to Chapter 11A, the court observed:

> Notably, chapter 11A, section 11A–12 ... used to provide for a private cause of action for all claims of discrimination arising under chapter 11A, including employment discrimination. ... A subsequent amendment to chapter 11A eliminated the express private cause of action contained in section 11A–12. As amended, section 11A–12 became part of article II, which is dedicated exclusively to housing, and addresses unlawful housing practices.

*Id.* at 942-43 (internal citation omitted). The then-current version of the Code even included a statement in its introductory section that "[a]ll violations shall be prosecuted in the court of appropriate jurisdiction of Dade County, Florida." *Id.* at 941. Further, the "notice of rights" language still existed, but as a part of the housing section only. *Id.* at 943. Given that the Code previously had an enforcement scheme of which that notice of rights provision had been a part and that the Code was rewritten to create a different enforcement scheme – and leaving the employment section without judicial enforcement – the court found that "the reference to section 11A–12 in the notice of right to sue that De La Campa received appears to be a vestige of the former version of chapter 11A ... ." *Id.* at 943.

The court found that the Code once did, but no longer provided a judicial cause of action for employment discrimination.

> We must give due significance to the amendment that eliminated a private cause of action for employment discrimination. ... In revising

> chapter 11A of the Code as it relates to employment, it is evident that the Miami–Dade County Commission, the legislative body in this case, intended to exclude the mechanism that had been previously afforded to a charging party for the purpose of filing civil suits for employment discrimination. *See Capella v. City of Gainesville,* 377 So.2d 658, 660 (Fla.1979) ("When the legislature amends a statute by omitting words, we presume it intends the statute to have a different meaning than that accorded it before the amendment.") ... .

*Id.* at 943.

So it is in the case before this Court. Before 1986, there was nothing in Chapter 295 that provided an express or implied cause of action. The remedies all came through the action of a state agency. In 1986, PERC was added to the enforcement scheme, but the Legislature also added an express private cause of action and the attorney's fees provision of Section 295.14. In 1987, the Legislature eliminated the express private cause of action, kept the PERC enforcement scheme with expanded jurisdiction, and left behind the attorney's fees provision. Thereafter, there were other changes and elaborations to the enforcement scheme, but the express private cause of action was never revived. The vestigial attorney's fees provision remained untouched.

As in *De La Campa,* the law here was amended to eliminate the mechanism by which a private cause of action once was authorized, and left behind a vestige that permitted fee-shifting.[1] As in *De La Campa,* "due significance" must be given to the deliberate and intentional action of the Legislature to eliminate the express private cause of action. There was a cause of action before; it was eliminated – intentionally – and that intent must be honored.

---

[1] It is possible that Section 295.14(2) could retain effect as a fee-shifting authorization for appeals taken to the District Courts of Appeal. The City's research did not find any such use reported, however.

The City's research revealed no veterans preference case after 1986 that appears to have been initiated in a court. In fact, that research found scant reference at all to Section 295.14 and no case citing Section 295.14(2) – except a case affirmed per curiam with a bare citation.

This history and the plain language of the Chapter show that there is no express cause of action. It also shows that there is no implied cause of action. The remedy is the comprehensive enforcement scheme discussed in I.A., above, which vests exclusive jurisdiction in PERC. Plaintiff in this case has no mechanism to get into court except through the enforcement scheme that includes PERC. He cannot bring suit in the first instance in court. This Court lacks subject matter jurisdiction. Count III should be dismissed with prejudice.

## POINT II

### EVEN IF A PRIVATE CAUSE OF ACTION EXISTS UNDER CHAPTER 295, PLAINTIFF'S CLAIM IS BARRED BY SOVEREIGN IMMUNITY.

A.  <u>Plaintiff Has Not Complied With The Notice Requirements Of Florida's Limited Waiver Of Sovereign Immunity Statute</u>.

Florida Statutes Section 768.28 contains Florida's limited waiver of sovereign immunity for actions in tort. No action may be maintained against the state (including municipalities) unless the plaintiff has presented it to the municipality in writing within three years of the claim accruing. Fla. Stat. § 768.28(6)(a). Employer liability arising from employment practices are regarded as "employment torts." *See, e.g., Price Waterhouse v. Hopkins,* 490 U.S. 228, 264 (1989) (O'Connor, J., concurring) (characterizing Title VII as a statutory employment tort) *superseded by statute on other grds.* Plaintiff's Count III is an attempt to state a claim for an employment tort and, as such, is subject to the limited waiver of sovereign immunity enjoyed by the City. Plaintiff has not alleged that he complied with the notice provision. Further, the most recent alleged failure to promote

occurred in 2016 – four years ago and beyond the three-year notice limit. Therefore, Count III is barred by sovereign immunity and should be dismissed.

B.   Plaintiff Is Asserting An Implied Private Cause Of Action; Waiver Of Sovereign Immunity Cannot Be Implied.

As explained in Point I, there is no express private cause of action in Chapter 295. Any such cause of action must be implied from the scant support of the existence of the vestigial attorney's fees provision in Section 295.14. For this same reason, there is no express waiver of sovereign immunity for a private cause of action in Chapter 295; a waiver would have to be implied along with the existence of the cause of action. However, it is well-settled that, with few exceptions, sovereign immunity cannot be implied – it must be express.[2]

The court in *Dorsey v. U.S. Dep't of Labor,* 41 F.3d 1551, 1555 (D.C. Circ. 1994) stated this unequivocally in a case in which the Plaintiff urged that a statute created an implied private cause of action and, therefore, an implied waiver of federal sovereign immunity:

> While private rights of action may be implied, waivers of sovereign immunity may not. The Supreme Court has said exactly that, and on more than one occasion: "A waiver of sovereign immunity 'cannot be implied....' " *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990), quoting *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980), which quoted *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969).

Similarly, in *Contour Spa v. Seminole Tribe*, 692 F.3d 1200, 1209 (11th Cir. 2012) (quoting *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58-59 (1978) (citations omitted), the court held that, whether or not an implied cause of action existed, a waiver of sovereign immunity of an Indian

---

[2]   The Florida Supreme Court recognizes an implied waiver of sovereign immunity in contract cases. *Pan-Am Tobacco Corp. v. Dep't of Corrections,* 471 So. 2d 4 (Fla. 1984). The instant case is not a contract case.

tribe could not be implied, stating, "It is settled that a [congressional] waiver of sovereign immunity ' "cannot be implied but must be unequivocally expressed." ' "

Florida courts have consistently turned back attempts to find implied waivers of sovereign immunity. In the leading case of *County of Brevard v. Miorelli Engineering,* 677 So. 2d 32, 34 (Fla. 5th DCA 1996), *quashed on other grds.,* 703 So. 2d 1049 (Fla. 1997), the engineering firm sought to bring a claim for fraud in the inducement of a written contract. Despite the waiver of immunity for contract claims, the court found that fraud in the inducement was a tort independent of breach of contract and that it did not fit within the limited waiver of immunity in Section 768.28.

In the case of Chapter 295, the Legislature has provided an express scheme of enforcement through PERC, which waives sovereign immunity to that extent. However, because waivers of sovereign immunity are construed narrowly, this waiver cannot be extended to any implied private cause of action. Following *Miorelli,* where the contract claim waiver could not extend to a contract-related fraud in the inducement claim, neither should the waiver for enforcement by PERC be extended to an implied (and doubtful) private cause of action in Chapter 295.

Therefore, any claim under a private cause of action in Chapter 295 is barred by sovereign immunity.

## POINT III

### COUNT III SHOULD BE DISMISSED AS AN IMPERMISSIBLE SHOTGUN PLEADING.

Rule 12(b)(6) requires that a complaint be dismissed when it "fail[s] to state a claim." Fed. R. Civ. P. 12(b)(6).  A motion to dismiss for failure to state a claim tests the formal sufficiency of a statement of a claim for relief, and the court's inquiry is whether allegations state a sufficient claim under Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1968).

A complaint's "[f]actual allegations must be enough to raise a right to relief about the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 requires "more than labels and conclusions," and identifies two specific thresholds that the pleader must cross in order to avoid dismissal: (1) a pleader must bridge the gap between legal *conclusions* and *facts*; and (2) a pleader must allege *suggestive* facts that exceed factual neutrality. *Id.* at 557 n.5 (emphasis added). To successfully "nudge[] claims across the line from conceivable to plausible," a complaint must contain facts "plausibly suggesting (not merely consistent with)" violations of the asserted causes of action. *Id.* at 570. When they do not, "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the Court.'" *Id.* at 558; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (Stating that Rule 8 mandates a plaintiff's claims have "facial plausibility").

Plaintiff's Complaint must meet the threshold requirement of pleading "a short plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). Further, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Pleadings that violate these rules are called shotgun pleadings. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Because shotgun pleadings are in violation of the most basic requirements, they do not meet the heightened pleading requirements established in *Iqbal* and *Twombly*. *See Paylor v. Hartford Fire Ins. Co.*, 748 F. 3d 1117, 1126 (11th Cir. 2014).

Inclusion of multiple claims in one count make it is impossible to separate one claim from another. *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.2d 1293, 1294 (11th Cir. 2002); *Garfeh v. Carnival Corp.*, Case 17-20499-CIV, 2018 WL 501270 at *3 (S.D. Fla. Jan. 22, 2018) (dismissing complaint) (citing *Bickerstaff Clay Prods. Co. v. Harris Cty.*, 89

F.3d 1481, 1485 n. 4 (11th Cir. 1996); *Vibe Micro, Inc. v. Shabanets*, No. 16-15276, 2018 WL 268849 (11th Cir. Jan. 3, 2018)).

The Complaint is a shotgun pleading because it conflates the USERRA claim of Count I with the state law claim of Count III, leading to confusion as to whether Count III is to be read as including a USERRA claim, whether Plaintiff intends the USERRA claim to somehow bolster the state law claim, or whether Plaintiff intends something entirely different or, in fact, intends anything at all. This is the fatal defect of this and all shotgun pleadings.

This shotgun pleading fails to conform to the rules of pleading and, as a result, masks and confuses the issues.  It should be dismissed.

## CONCLUSION

As explained above, Count III of the Complaint fails on numerous grounds. First and foremost, the Court lacks subject matter jurisdiction or, put another way, Plaintiff failed to exhaust his administrative remedies. Second, sovereign immunity has not been waived expressly and cannot be waived impliedly, barring Plaintiff's attempt to bring his claim as an implied statutory cause of action. Third, the claim he is attempting to bring, if it existed, would be barred by his failure to satisfy the conditions precedent to bring the claim under Florida's limited waiver of sovereign immunity. Fourth, Count III is drafted as an impermissible shotgun pleading. Count III should be dismissed, with prejudice.

**[ SIGNATURE BLOCK ON THE FOLLOWING PAGE]**

                                      **BRYANT MILLER OLIVE P.A.**
                                      One S.E. Third Avenue, Suite 2200
                                      Miami, Florida  33131
                                      (305) 374-7349 (Telephone)
                                      (305) 374-0895 (Fax)


                                    By: /s/David C. Miller
                                      David C. Miller (FL Bar No. 147427)
                                      dmiller@bmolaw.com
                                      Ranjiv Sondhi (FL Bar No. 105581)
                                      rsondhi@bmolaw.com
                                      Counsel for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through the Clerk of the Court by using the CM/ECF system, on this 28th day of August, 2020, on all counsel or parties of record on the Service List below.

/s/David C. Miller
David C. Miller

**SERVICE LIST**

Anthony J. Perez, Esquire
Florida Bar No. 535451
Beverly Virues, Esquire
Florida Bar No. 123713
Garcia-Menocal & Perez, P.L.
4937 SW 74th Court, No. 3
Miami, Florida  33155
(305) 553-3464 (Telephone)
(305) 553-3031 (Fax)
ajperezlaw@gmail.com
bvirues@lawgmp.com
aquezada@lawgmp.com