## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE: 20-CV-23191-WPD

LOUIS A. HERRERA,

     Plaintiff,

  v.

CITY OF HIALEAH, FLORIDA a
municipal corporation and political
subdivision of the state of Florida,

     Defendant.

_____/

## FIRST AMENDED COMPLAINT

COMES NOW LOUIS HERRERA, by and through undersigned counsel, and hereby

sues CITY OF HIALEAH, FLORIDA and alleges as follows:

### PARTIES

1.    Plaintiff LOUIS HERRERA (hereinafter "Plaintiff" or "HERRERA") is a resident of

the state of Florida and employed by the CITY OF HIALEAH.

2.    Defendant, CITY OF HIALEAH (hereinafter "Defendant"), is a municipal

corporation and political subdivision of the state of Florida.

### JURISDICTION AND VENUE

3.    This Court has personal jurisdiction over the parties because they have sufficient

contacts with this District.

4.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the

claims in this complaint arise out of the Uniformed Services Employment and Reemployment

Rights Act of 1994, 38 U.S.C. §§ 1331 which confers subject matter jurisdiction on this Court

pursuant to 38 U.S.C. § 4323(b)(3).

5.      This Court has supplemental jurisdiction over all the claims in this Complaint pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Federal Court for the Southern District of Florida, under 38 U.S.C. § 4323(c) and 28 U.S.C. § 1391(b) because the acts and omissions in this complaint occurred in this District.

<u>FACTS</u>

7.      The Uniformed Services Employment and Reemployment Rights Act ("USERRA" or the "Act") was enacted to ensure that members of the uniformed services are entitled to return to their civilian employment upon completion of their service.

8.      USERRA applies to all employers in the United State, regardless of the size of the business and protects part-time positions as well as full-time positions.

9.      Pursuant to USERRA, upon the return of a military deployment, members of the uniformed services should be reinstated with the seniority, status, and rate of pay they would have obtained had they remained continuously employed by their employer.

10.     No law, contract, agreement, policy, plan, practice, or other matter reduces, limits, or eliminates in any manner any right or benefit provided by USERRA.

11.     Plaintiff is a member of the United States Army and the Florida National Guard.

12.     All of Plaintiff's military discharge records reflect honorable military service, he is a decorated service member and combat veteran with multiple deployments and he continues to serve honorably in the United States Army and/or Florida National Guard.

13.     The cumulative length of Plaintiff's absences from employment with the Defendant by reason of his service in the uniformed services does not exceed five (5) years.

14.     Plaintiff has been working as a police officer for Defendant's Hialeah Police

Department (the "Department") for over eighteen (18) years.

15.     Plaintiff has applied for the position of Police Sergeant three (3) times within the Department. Plaintiff is well qualified for the position due to in part to his exceptional employment evaluations, employment performance and his scores on the promotional examination.

16.     Plaintiff applied to the Sergeant position in August of 2015, August of 2016 and September of 2016.

17.     The Department requires as a condition of promotion, that candidates first pass a promotional examination administered by the Department. Based on the candidates' scores the Department then ranks all candidates.

18.     Despite scoring well and being ranked higher, and withing the top three (3) candidates, other candidates were consistently elevated to the position of Sergeant over Plaintiff. The other two (2) candidates within the top three (3) were promoted, but the Defendant has promoted other less qualified, and lower ranked non-reservist candidates ahead of Plaintiff.

19.     In fact, Defendant failed to award Plaintiff the fifteen (15) veteran's points he was entitled to; instead awarding him with ten (10) points. Pursuant to FLA. STAT. 295.08, Plaintiff, as a result of his Department of Veteran's Affairs ("VA") disability rating was entitled to receive fifteen (15) preference points on his written examination, however, Plaintiff only received ten (10) preference points.

20.     As a result of his military service and disability rating, Plaintiff should have accordingly been placed at the top of the list for the promotions he applied for.

21.     Plaintiff received favorable employment evaluations including multiple department commendations and civilian commendations for his work within the community and has even been awarded the highest award within the police department, to wit: the Gold Medal of Valor.

22.     Plaintiff did not receive a negative evaluation during his course of employment. In short, Plaintiff's employment record is exemplary.

23.     As part of his employment as a police officer, Plaintiff has acted as a police instructor and senior operator and instructor in the Defendant's S.W.A.T. team.

24.     Plaintiff has applied for other career advancement positions, including as a member of the Community Response Team[1], S.W.A.T. Police Sniper, S.W.A.T. Rappel Master, and numerous detective positions but has been denied each time by the Chief of Police despite his exemplary employment record, and approval by other members in within the Hialeah Police Department.

25.     Plaintiff has also applied for lateral positions within Defendant's police department, and each time his request has been denied.

26.     Even when other agencies, including federal agencies, requested Mr. Herrera, personally to assist on task force requests to the Hialeah Police Department, Defendant would consistently deny those requests[2], effectively preventing Mr. Herrera from engaging in these inter-agency exchanges.

27.     Under USERRA, there is no differentiation between voluntary and involuntary service.

28.     Defendant has treated Plaintiff differently and unfairly as a result of his military service and mobilization.

29.     Even the Defendant's policies were applied differently to Plaintiff. Although other non-reservist employees could make use of an open door policy with the Police Chief to discuss

---

[1] Plaintiff applied for the position on more than one occasion, in 2016 and in 2017.
[2] In fact, Defendant did not permit Mr. Herrera's participation when other agencies, including Federal agencies, requested personnel with his knowledge, skills, abilities and security clearance.

concerns, Plaintiff's requests to speak with the Police Chief were consistently denied.

30.     Plaintiff has participated in numerous military deployments, including special operations deployments, during his employment with Defendant.

31.     At all times relevant hereto, Defendant had a duty to act in compliance with USERRA requirements and ensure its agents follow the Act.

32.     At all times relevant hereto, Defendant had a duty to conduct itself in compliance with the law, including USERRA, and ensure its managers and agents followed the Act.

33.     The above-referenced actions by Defendant, and its agents, breached those duties and damaged the Plaintiff and continue to damage the Plaintiff.

34.     Plaintiff suffered economic injury, as well as other harms and losses as a result of Defendant's discrimination and retaliation.

35.     Defendant's actions are the direct and proximate cause of Plaintiff's damages.

36.     As a result of Defendant's unlawful conduct in violation of USERRA, Plaintiff has suffered a loss of earnings and other benefits of employment in an amount to be proved at trial.

37.     As a result of Defendant's unlawful conduct in violation of USERRA, Plaintiff has suffered a lack of career advancement similar to that of his peers. Plaintiff has been passed over for promotions multiple times and accordingly, was unable to advance within Defendant's ranks. Moreover, because he was denied any initial advancement, Plaintiff lost out on future advancements and the opportunity to take the lieutenant exam.

38.     As a result of Defendants unlawful conduct in violation of USERRA and the necessity of this action to seek a remedy, Plaintiff fears further retaliation against his employment rights by Defendant or its managers, directors or employees. As such, the employment relationship that Plaintiff may have enjoyed with Defendant prior to the filing of this action is irreparably

damaged through no fault of Plaintiff and the Plaintiff was not considered for the promotion because Defendant has treated him differently than other non-reservists and/ non-deployed employees.

39.     To the extent that Defendants allege application of any agreement that constitutes any force or effect pursuant to 38 U.S.C. § 4302.

COUNT I
DISCRIMINATION IN VIOLATION OF 38 U.S.C. § 4311(a)

40.     Plaintiff re-incorporates paragraphs 1-39 as if fully set forth herein.

41.     Defendant's actions violated Plaintiff's USERRA rights such that Plaintiff's obligation to perform service in the uniformed serviced was a motivating factor in decisions by Defendant which adversely affected Plaintiff's employment and opportunities for career advancement.

42.     Defendant discriminated against Plaintiff by, among other things refusing to promote Plaintiff within the department despite Plaintiff qualifying for the promotion and having seniority over other non-reservists and/or non-deployed employees promoted over him, on at least three (3) occasions, applying Departmental Policies unevenly when it came to Plaintiff, failing to award him the proper amount of preference points and preventing Plaintiff from advancing in his career, among other things.

COUNT II
WILLFUL VIOLATION PURSUANT TO 38 U.S.C. § 4323(d)(1)(C)

43.     Plaintiff re-incorporates paragraphs 1-39 as if fully set forth herein.

44.     Defendant's conduct was willful as defined by 38 U.S.C. 4323(d) and 20 C.F.R. § 1002.312(c) because Defendants were on notice of their obligations under USERRA under federal law their actions violated USERRA.  Defendant shows a reckless disregard for these matters through their actions and omissions.

6

<u>PRAYER FOR RELIEF AS TO COUNTS I AND II</u>

45.     Under USERRA, a court may order equitable remedies, including reinstatement and recoupment of any loss of wages or benefits. § 4323(d)(1)(A, B). USERRA also empowers a Court to use "its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter." § 4323(e). Plaintiff requests:

     a.     To be retroactively promoted, to include recovery, retroactive pay to the date he would have been promoted had his employer followed the requirements of USERRA.

46.     Pursuant to USERRA, the court "may award any such person who prevails in such action or proceeding reasonable attorney fees, expert witness fees, and other litigation expenses." § 4323(h)(2).

47.     Plaintiff respectfully demands a jury trial and further to be awarded compensation for all injury and damage suffered. To wit:

     a.     Economic and non-economic damages to be proven at trial, including but not limited to: back pay for a reduced salary, lost benefits of employment including retirement contribution, back pay for lost wages and benefits;

     b.     Front pay;

     c.     Order Defendant to pay pre-judgement interest on the amount of wages and lost benefits due;

     d.     Order Defendant to pay liquidated damages in the amount of lost wages and value of benefits pursuant to 38 U.S.C. 4323(d)(1)(C);

     e.     Reasonable attorney and expert fees, and costs, pursuant to 38 U.S.C. § 4323

and as otherwise provided by law.

48.   Plaintiff also respectfully requests the Court take the following actions:

    a.   Declare the Defendant's actions including denial of job opportunities and denial of employment benefits because of plaintiff's military service was unlawful and violated USERRA, 38 U.S.C. §4311(a);

    b.   Declare that Defendants' violations of USERRA were willful pursuant to 38 U.S.C. § 4323(d)(1)(C);

    c.   Direct Defendant to remove and destroy any adverse employment record that is in Defendant's possession or control and related to Plaintiff;

    d.   Direct Defendant to include information regarding service member's rights under USERRA on Defendant's employee website;

    e.   Direct Defendant to provide yearly educational training on USERRRA and its requirements to employees;

    f.   Order Defendant to pay Plaintiff's reasonable attorney's fees, expert witness fees, and other litigation expenses pursuant to 4323(h)(2); and

    g.   Order such other relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

DATED: September 10, 2020

                    **GARCIA-MENOCAL   &   PEREZ,   P.L.**
                    *Attorneys for Plaintiff*
                    4937 S.W. 74th Court, No. 3
                    Miami, FL 33155
                    Telephone: (305) 553-3464
                    Facsimile: (305) 553-3031
                    Primary E-Mail: ajperezlaw@gmail.com
                    Secondary E-Mail: bvirues@lawgmp.com

aquezada@lawgmp.com
crodriguez@lawgmp.com

By: _/s/ Anthony J. Perez_
     ANTHONY J. PEREZ
     Florida Bar No.: 535451
     BEVERLY VIRUES
     Florida Bar No.: 123713

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify a copy of the foregoing was sent by CM/ECF to all counsel of record on this 10th day of September, 2020.

Respectfully Submitted,

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 SW 74th Court, No. 3
Miami, FL  33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mail: aquezada@lawgmp.com;
bvirues@lawgmp.com; crodriguez@lawgmp.com

By: _/s/ Anthony J. Perez_____
     ANTHONY J. PEREZ
     Florida Bar No.: 535451
     BEVERLY VIRUES
     Florida Bar No.: 123713