UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-23191-WPD

LOUIS A. HERRERA,

    Plaintiff,

v.

CITY OF HIALEAH, FLORIDA,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant, CITY OF HIALEAH, FLORIDA ("City"), through its counsel, BRYANT MILLER OLIVE P.A., hereby files this Partial Answer And Affirmative Defenses To First Amended Complaint and further states as follows:

PARTIES

1. Admitted.

2. Admitted.

JURISDICTION AND VENUE

3. Admitted.

4. Admitted that the Court has subject matter jurisdiction over claims under USERRA, but denied that there is any basis for the invocation of such jurisdiction.

5. All claims in the First Amended Complaint (hereinafter, "Complaint") are federal claims and, therefore, there is no basis for an exercise of supplemental jurisdiction and, therefore, denied.

6. Admitted.

## FACTS

7. Legal argument to which no response is required, therefore denied.

8. Legal argument to which no response is required, therefore denied.

9. Legal argument to which no response is required, therefore denied.

10. Legal argument to which no response is required, therefore denied.

11. The City is without sufficient knowledge to admit or deny the allegations of paragraph number 11 of the Complaint and, therefore, denies them.

12. The City is without sufficient knowledge to admit or deny the allegations of paragraph number 12 of the Complaint and, therefore, denies them.

13. Denied.

14. The City avers that Plaintiff was hired on October 22, 2001, and has been employed since that time.

15. Denied that Plaintiff has applied for the position of sergeant three times. The City avers that Plaintiff took a promotional examination in 2014 to determine eligibility for sergeant and was placed on that list in rank order according to his scores and additional point factors, if any. Individuals were promoted from that list to sergeant during its pendency. Plaintiff was not promoted from that list. The second sentence is denied.

16. Denied that Plaintiff applied for the position of sergeant on the dates listed in paragraph 16 of the Complaint. The City avers that Plaintiff took the promotional examination to determine eligibility for sergeant and was placed on that list in rank order according to his scores and additional point factors, if any. Individuals were promoted from that list to sergeant during its pendency. Plaintiff was not promoted from that list.

17. Admitted

18. Denied that Plaintiff scored well. Denied that his initial ranking was within the top three scorers. The identities of the "other two (2) candidates" is unknown, as is their placement or Plaintiff's within the "top three," and, therefore, the allegations of the second sentence are denied.

19. Denied.

20. Denied.

21. Admitted that Plaintiff was awarded the Gold Medal of Valor in 2013, along with many other members of the SWAT team active for a July 2013 incident involving a shooting. Admitted that Plaintiff has received positive evaluations for those periods when he could be evaluated. Averred that for at least two evaluation periods, no evaluation was completed because of Plaintiff's absences.

22. Denied that Plaintiff's record is "exemplary." As to "negative evaluation[s]," see response to paragraph 21 of the Complaint.

23. Admitted.

24. Admitted that Plaintiff applied for some positions. Averred that he was approved for some and not approved for others. Admitted that he applied for the Community Response Team, SWAT sniper. Without sufficient knowledge, so denied that he applied for SWAT rappel master. Denied that he was rejected "despite his exemplary employment record, and approval by other members in within the Hialeah Police Department."

25. Admitted that Plaintiff applied for some positions. Averred that he was approved for some and not approved for others. Therefore, denied that "each time his request has been denied."

26. Admitted that in 2011, under a previous Chief Police, a single oral request was made for Plaintiff to assist another agency's task force and was disapproved. Averred that any such request has been made since 2012 and, therefore, the balance of the allegations of paragraph number 26 of the Complaint, including the footnote, are denied.

27. Legal argument to which no response is required, therefore denied.

28. Denied.

29. Denied.

30. Admitted that Plaintiff has participated in numerous military deployments. Without information regarding whether those deployments involved "special operations," therefore denied.

31. Legal argument to which no response is required, therefore denied. The City avers that it has at all times conducted itself in compliance with the law.

32. Legal argument to which no response is required, therefore denied. The City avers that it has at all times conducted itself in compliance with the law.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. The allegations contained in paragraph 39 are incomprehensible and, therefore, are denied.

## COUNT I

## DISCRIMINATION IN VIOLATION OF 38 U.S.C. § 4311(a)

40.     In response to the allegations contained in paragraph 40 of the Complaint, the City incorporates its responses to paragraphs 1-39 as if fully set forth here.

41.     Denied.

42.     Denied.

## COUNT II

## WILLFUL VIOLATION PURSUANT TO 38 U.S.C. § 4323(d)(1)(C)

43.     In response to the allegations contained in paragraph 40 of the Complaint, the City incorporates its responses to paragraphs 1-39 as if fully set forth here.

44.     Denied.

## PRAYER FOR RELIEF AS TO COUNTS I AND II

45.     The allegations contained in paragraph 45 of the Complaint are legal argument to which no response is required and are, therefore, denied.

45.a.   The City denies the allegations of subparagraph 45.a. of the Complaint and avers that there is no basis to award Plaintiff any relief whatsoever.

46.     The allegations contained in paragraph 46 of the Complaint are legal argument to which no response is required and are, therefore, denied.

47.     The City denies the allegations of paragraph 47 and its subparts a. through e., inclusive, of the Complaint and avers that there is no basis to award Plaintiff any relief whatsoever.

48.     The City denies the allegations of paragraph 48 and its subparts a. through g., inclusive, of the Complaint and avers that there is no basis to award Plaintiff any relief whatsoever. The City avers that the relief requested under paragraph 48.c. is contrary to Florida law, which

prohibits the destruction of public records other than according to a state-mandated retention schedule.

## DEMAND FOR JURY TRIAL

In response to the allegations contained in the unnumbered paragraph titled "Demand for Jury Trial" of the Complaint, the City admits that a jury trial is demanded, but denies that there is any basis for a trial, whether before a jury or a judge.

49. The City denies any allegation of the Complaint not specifically admitted herein. The City reserves the right to amend this Answer and Affirmative Defenses based on the development of any fact or legal theory that arises during the course of the litigation.

50. Having responded to all allegations of the Complaint, aside from those addressed in the City's Motion to Dismiss, the City hereby asserts the following Defenses and Affirmative Defenses:

## DEFENSES AND AFFIRMATIVE DEFENSES

1. **Res Judicata, Claim Preclusion, Waiver.** Plaintiff's claims are barred by the doctrines of res judicata, claim preclusion, or waiver, inclusive. Plaintiff previously filed a lawsuit against the City based on the same evidence and facts. The court granted the City's Motion to Dismiss the lawsuit after Plaintiff failed to respond. *See Herrera v. City of Hialeah,* No. 17-23599 (S.D. Fla. May 9, 2018) (Order adopting Report and Recommendation of Magistrate Judge and dismissing case).

2. **Laches.** Plaintiff's claims are barred by the doctrine of laches. The alleged adverse actions occurred four and five years ago. Plaintiff has sat on his rights. The City has offered multiple examinations for the position of police sergeant and has made multiple promotions to police sergeant from the resulting eligibility lists while Plaintiff has stood by silently, until,

possibly, the very most recent test administration. The City has been prejudiced by Plaintiff's inaction.

3. **Failure to State Claim.** The Complaint fails to state a claim for relief as to any claim addressed herein.

4. **No Prima Facie Case.** Plaintiff cannot state a prima facie case. Plaintiff cannot show that any adverse action by the City toward him was based on or because of his military membership, obligation, or status of any kind whatsoever or that such was the or a motivating factor in such action.

5. **No Adverse Action.** Plaintiff cannot show that any adverse action that would violate USERRA was taken toward him. To the extent that other employees were promoted instead of Plaintiff, such promotions were done in accord with neutral selection policies provided for by written policy, because the chosen applicants were more qualified than he, or because he was not eligible for promotion in any particular case.

6. **No Claim.** Count II fails to state a claim because 38 U.S.C. § 4323(d)(1)(c) does not provide a standalone claim. That provision provides for liquidated damages in an appropriate case. To the extent Count II is treated as a standalone claim, it is wholly dependent on and derivative of the claim attempted to be stated in Count I and, if Count I fails, Count II must fail as well.

7. **Not Willful.** The City did not know and did not show reckless disregard as to whether its conduct was prohibited by USERRA.

8. **Taken in the Absence.** All actions complained of would have been taken in the absence of Plaintiff's membership in the military or obligation for military service.

9. **Failure to Mitigate.** Plaintiff has failed to mitigate his damages. The City has offered multiple examinations for the position of police sergeant and has made multiple promotions to police sergeant from the resulting eligibility lists. Plaintiff did not seek to take those examinations or make himself eligible for promotion to sergeant until, possibly, the very most recent test administration. As such, Plaintiff failed to take action that could have resulted in his promotion and a cutoff of damages from events allegedly occurring in 2015 or 2016.

**WHEREFORE**, having answered all allegations of the claims addressed herein and having asserted the foregoing defenses and affirmative defenses, and having filed a Motion to Dismiss as to the claim not addressed herein, the City respectfully requests that the Complaint be dismissed with prejudice in its entirety.

**BRYANT MILLER OLIVE P.A.**
One S.E. Third Avenue, Suite 2200
Miami, Florida  33131
(305) 374-7349 (Telephone)
(305) 374-0895 (Fax)

By:   /s/David C. Miller
David C. Miller (FL Bar No. 147427)
dmiller@bmolaw.com
Ranjiv Sondhi (FL Bar No. 105581)
rsondhi@bmolaw.com
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically through the Clerk of the Court by using the CM/ECF system, on this 15th day of September, 2020, on all counsel or parties of record on the Service List below.

/s/David C. Miller
David C. Miller

**SERVICE LIST**

Anthony J. Perez, Esquire
Florida Bar No. 535451
Beverly Virues, Esquire
Florida Bar No. 123713
Garcia-Menocal & Perez, P.L.
4937 SW 74th Court, No. 3
Miami, Florida  33155
(305) 553-3464 (Telephone)
(305) 553-3031 (Fax)
ajperezlaw@gmail.com
bvirues@lawgmp.com
aquezada@lawgmp.com